U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 8 2012

CLERK, U.S. DISTRICT COURT
by_____
            Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

THOMAS STEVEN COOK JR.,           §
                                  §
            Petitioner,           §
                                  §
v.                                §        No. 4:11-CV-785-A
                                  §
RICK THALER, Director,            §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
            Respondent.           §

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Thomas Steven Cook Jr., a state prisoner currently incarcerated in Abilene, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I.  Factual and Procedural History

On September 3, 1998, petitioner entered an open plea of guilty to aggravated sexual assault of a child in the Criminal District Court Number Two of Tarrant County, Texas, and the trial

court assessed his punishment at 40 years' confinement.   (03State Habeas R. at 29)[1]  The Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on May 24, 2000, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review.  (*Id.* at 31-36)  *Cook v. State,* PDR No. 615-00.  Petitioner did not seek writ of certiorari.  (Pet. at 3)

Petitioner has filed four applications for writ of habeas corpus in state court challenging his 1998 conviction.  The first, filed on November 27, 2001, was denied by the Texas Court of Criminal Appeals without written order on December 19, 2001.  (01State Habeas R. at cover, 2)  The second, third, and fourth applications were dismissed by the Texas Court of Criminal Appeals as successive.  (02State Habeas R. at cover; 03State Habeas R. at cover; 04State Habeas R. at cover)

This federal petition for habeas relief is deemed filed on October 28, 2011.  (Pet. at 10)  *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998).  Petitioner raises three grounds.  First,

---

[1] "01State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-51,138-01; "02State Habeas R." refers to the state court record in his state habeas application no. WR-51,138-02; "03State Habeas R." refers to the state court record in his state habeas application no. WR-51,138-03; and "04State Habeas R." refers to the state court record in his state habeas application no. WR-51,138-04.

petitioner claims he discovered new evidence, a Fort Worth Police

Department "Offense/Incident Report" made by Officer T. L. Cox on

August 15, 1997.  It states:

> OFFICER WAS ADVISED BY MS ROA THAT THE COMP HAD
> RECEIVED A GENERAL EXAMINATION BY THE DOCTOR AND THAT
> NO VISIBLE INJURIES WERE APPARENT AT THIS TIME.  MS ROA
> ALSO ADVISED THAT DUE TO THE FACT THAT THE ALLEGED
> SEXUAL ASSAULT HAD OCCURRED PRIOR TO THE PAST 72 HOURS
> THAT A RAPE EXAM WOULD NOT BE NEEDED TO BE AUTHORIZED
> AT THIS TIME.

(04State Habeas R. at 34)

Petitioner alleges that a copy of this report inexplicably

arrived in his mother's mailbox on September 3, 2010, and that

the report supports his allegation that there was no "sign of

penetration" of the victim's anus and, thus, supports his "actual

and procedural innocence of the crime for which he was

convicted."  (04State Habeas R. at 32-34)  Petitioner also claims

(2) the prosecutor withheld the report in violation of *Brady v.*

*Maryland*, and (3) his trial counsel was ineffective by failing to

investigate and discover the report.  (Pet. at 6-7; Pet'r Mem. at

1-19)

As directed, respondent has filed a preliminary response to

the petition addressing only the issue of limitations.  (docket

no.

## II.   Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of
limitations on federal petitions for writ of habeas corpus filed
by state prisoners.   Section 2244(d) provides:

> (1)   A 1-year period of limitations shall apply to
> an application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court.
> The limitations period shall run from the latest of—
>
>> (A)   the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B)   the date on which the impediment to
>> filing an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C)   the date on which the constitutional
>> right asserted was initially recognized by the
>> Supreme Court, if that right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>>
>> (D)   the date on which the factual predicate
>> of the claim or claims presented could have been
>> discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

4

In an attempt to avoid dismissal on limitations grounds, petitioner directs the court to the affidavit of his mother presented in state court, in which she avers:

> I went out to the mailbox to get the mail.  There was a letter with my name on it with NO return address.  I opened the letter and found a single sheet of paper. After reading this letter (actually a Police/Hospital Report taking [sic] by Officer Cox of the Fort Worth Police Department) I was shocked to even know that this letter (Police/Hospital Report) even had existed.

(04State Habeas R. at 32)

Petitioner alleges he could not have known of the report until his mother received the copy in the mail, thus triggering § 2244(d)(1)(D).  However, petitioner could have ascertained that there was no physical evidence of penetration, *i.e.*, rips, tears, or abrasions, with due diligence before or during trial.  The report merely supports the same or similar claims petitioner has repeatedly raised in his attempts to challenge his guilty plea in state court.  (01State Habeas R. at 8; 02State Habeas R. at 12; 03State Habeas R. at 7, 9, 14; 04State Habeas R. at 7, 17-21) *Mullins v. Quarterman*, 288 Fed. Appx. 987, 2008 WL 3858479, at *1 (5th Cir. 2008).  Thus, the report does not form the factual predicate for his claims as contemplated by § 2244(d)(1)(D).

Rather, § 2244(d)(1)(A) governs the limitations commencement

date in this case.  Under that provision the limitations period
began to run on the date on which the judgment of conviction
became final by the expiration of the time for seeking direct
review.  Petitioner's conviction became final and the one-year
limitations period began to run upon expiration of the time that
petitioner had for filing a petition for writ of certiorari in
the United States Supreme Court on August 22, 2000, and closed
one year later on August 22, 2001, absent any tolling.  *Flanagan
v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's state habeas applications filed after
limitations had already expired, did not operate to toll the
federal limitations period under § 2244(d)(2).  *Scott v. Johnson*,
227 F.3d 260, 263 (5th Cir. 2000).  Nor has petitioner alleged or
demonstrated rare and exceptional circumstances that would
justify equitable tolling.  *Holland v. Florida*, — U.S. —, 130 S.
Ct. 2549, 2552 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th
Cir. 1998).  Claims of actual innocence do not justify equitable
tolling of the limitations period, and there is no evidence
whatsoever in the record that petitioner was actively misled by
the state or that petitioner was prevented in some extraordinary
way from asserting his rights in state or federal court.  *Cousin*

6

*v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003).   Furthermore, the lengthy delays between petitioner's state habeas applications and his federal petition, when he had no petition pending, mitigates against a finding that petitioner acted with due diligence in pursuing state and federal postconviction relief.

Petitioner's federal petition was due on or before August 22, 2001, therefore his petition filed over ten years later on October 28, 2011, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that his petition should not

be dismissed as untimely and procedurally barred.

      SIGNED March _____, 2012.


                _____

                JOHN McBRYDE
                UNITED STATES DISTRICT JUDGE